IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03138-BNB

CYNTHIA RENEE PINKEY,

    Petitioner,

v.

TOM CLEMENTS, Executive Director, and
D. ZAVISLAN, Warden of Colorado Dept. of Corrections,

    Respondents.

## ORDER OF DISMISSAL

    Petitioner, Cynthia Renee Pinkey, initiated this action by filing *pro se* a document titled "Extraordinary Writ Judicial Estoppel" in which she sought her immediate release because prison officials allegedly have miscalculated her sentences.  On December 9, 2011, Magistrate Judge Boyd N. Boland entered an order directing Ms. Pinkey to cure certain deficiencies if she wished to pursue her claims.  Specifically, Magistrate Judge Boland ordered Ms. Pinkey to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  Ms. Pinkey was warned that the action would be dismissed without further notice if she failed to cure the deficiencies within thirty days.

    On December 21, 2011, Ms. Pinkey submitted a "Response to Order to Cure Deficiencies" in which she states that she "will not place in ANOTHER Habeas Corpus when the original one was denied in error."  (Doc. #3 at 1.)  Ms. Pinkey apparently is

referring to a prior habeas corpus action filed in the District of Colorado in which she also challenged the computation of her prison sentences.  *See Pinkey v. Zavislan*, No. 11-cv-01129-LTB (D. Colo. July 13, 2011).  The Court dismissed 11-cv-01129-LTB as barred by the one-year limitation period, and Ms. Pinkey's appeal from the Court's order also was dismissed.  *See Pinkey v. Zavislan*, 440 F. App'x 610 (10th Cir. 2011), *petition for cert. filed*, No. 11-7719 (U.S. Oct. 12, 2011).

Ms. Pinkey has failed to cure the deficiencies within the time allowed and, based on her response to Magistrate Judge Boland's December 9 order, she apparently has no intention of doing so.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Petitioner files a notice of appeal she also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Pinkey failed to cure the deficiencies as directed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  17th  day of  January , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court